IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                     Case No. 03-20041-01-JWL
                                                  05-3076-JWL

**Carl E. Walton,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On April 2, 2003, Carl E. Walton was charged in a one-count indictment with distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On November 24, 2003, Mr. Walton entered a plea of guilty to the indictment. On February 9, 2004, Mr. Walton was sentenced to a 188-month term of imprisonment. The judgment of conviction was entered on the docket on February 11, 2004 and, as Mr. Walton did not appeal, became final no later than March 11, 2004. On February 9, 2005, Mr. Walton filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 79) in which he asks this court to vacate his current sentence and resentence him in light of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). As explained below, the motion is denied.

Mr. Walton's motion is based entirely on the Supreme Court's decisions in *Blakely* and *Booker*. The Tenth Circuit has expressly held, however, that neither *Blakely* nor *Booker* applies to an initial § 2255 motion. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005)

("[W]e hold that *Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and [petitioner's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255."). The Tenth Circuit's decisions in *Price* and *Bellamy* mandate that the court deny Mr. Walton's motion on the merits.  Mr. Walton did not appeal his conviction or sentence and his case was "final" prior to the Supreme Court's decisions in *Blakely* and *Booker*.  Thus, neither *Blakely* nor *Booker* applies retroactively to his § 2255 petition and those decisions have no bearing on Mr. Walton's sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Walton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 79) is denied.

**IT IS SO ORDERED** this 7th day of September, 2005.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge