# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                              Case No. 03-20041-01-JWL

**Carl E. Walton,**

      **Defendant/Petitioner.**

## ORDER

On September 7, 2005, the court entered an order denying Mr. Walton's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Walton has now filed a notice of appeal. Thus, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues raised in Mr. Walton's § 2255 motion. *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition). As explained below, the court declines to grant a COA.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Walton sought to have his sentence vacated in light of the Supreme Court's decisions

in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005).  Recent Tenth Circuit precedent clearly establishes that he is not entitled to a COA on this issue as neither *Blakely* nor *Booker* applies retroactively to Mr. Walton's motion and these cases have no bearing on his sentence.  *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (denying motion for rehearing from panel's decision denying application for COA where habeas petition sought to vacate sentence based on *Blakely* and *Blakely* did not apply retroactively to initial § 2255 motions for collateral relief); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and [petitioner's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255.").

For the foregoing reason, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of November, 2005.

        s/ John W. Lungstrum  
        John W. Lungstrum  
        United States District Judge