**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

        **Plaintiff,**

**v.**                                             **Case No. 03-20041-01-JWL**

**Carl E. Walton,**

        **Defendant.**

## MEMORANDUM & ORDER

On April 2, 2003, defendant Carl E. Walton was charged with distribution of five grams or more of cocaine base.  On November 23, 2003, Mr. Walton entered a guilty plea to the sole count in the Indictment.  A presentence investigation report was prepared and submitted on December 13, 2003.  The PSIR classified Mr. Walton as a career offender as defined in U.S.S.G. § 4B1.1 and assigned him an offense level of 34 pursuant to § 4B1.1(b)(B).  Mr. Walton's career offender status automatically placed him in Criminal History Category VI.  At sentencing, the court sustained an objection by Mr. Walton and he received a three-level reduction for acceptance of responsibility, for a total offense level of 31 and a Criminal History Category VI. The court sentenced Mr. Walton to 188 months' imprisonment, representing the low end of the guideline range of 188-235 months.  Mr. Walton has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to the retroactive application of Amendment 750, which modified the guideline range for crack cocaine offenses.  As will be explained, the motion is denied.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011).  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).  Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c).  That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In one such statement, the Commission has specified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether an amendment would have this effect, the policy statement explained,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b). This policy statement is binding on the federal courts. 18 U.S.C. § 3582(c)(2).

Applying this policy statement in the present case, it is clear that Amendment 750 does not lower Mr. Walton's applicable guideline range.   Although Mr. Walton's underlying conviction involved crack cocaine, his sentence was calculated under U.S.S.G. § 4B1.1(b), the career offender guideline.   The Tenth Circuit has squarely held, albeit in an unpublished decision, that a defendant's sentencing as a career offender precludes him from taking advantage of the reduction enacted by Amendment 750.   *United States v. Caldwell*, 2012 WL 4820730, at *2 (10th Cir. Oct. 11, 2012); *see also United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (district court properly denied § 3582(c)(2) motion where defendant was sentenced under career offender guidelines and, thus, Amendment 706 had no effect on the guidelines defendant was sentenced under).

Mr. Walton's reliance on the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011) is unavailing.   In *Freeman*, a plurality of the Supreme Court held that "the district court has authority to entertain 3582(c)(2) motions when sentences are imposed in light of the Guidelines, even if the defendant enters into an 11(c)(1)(C) agreement."   *Id*. at 2693. Nothing in *Freeman* addresses how retroactive amendments affect career offenders and several Circuits have expressly held so.   *See United States v. Harris*, 688 F.3d 950, 955 (8th Cir. 2012); *United States v. Lawson*, 686 F.3d 1317, 1320-21 (11th Cir. 2012); *United States v. Bonds*, 468 Fed. Appx. 620, 620 (7th Cir. 2012).   Although the Tenth Circuit has left the door open to the possibility that *Freeman* might permit a sentence reduction for a career offender if the district court imposed a sentence below the career offender guidelines (suggesting that perhaps the lower sentence may have been based instead on the crack cocaine guidelines) or if the underlying crack cocaine guideline calculation influenced the district court's conclusion that the

defendant qualified as a career offender, those circumstances are not present here. *See United States v. Wilkerson*, 2012 WL 2384396, at *4-5 (10th Cir. June 26, 2012).

Because Mr. Walton's sentence was not based on the sentencing guidelines for crack cocaine but was based instead on an application of the career offender provision, he is not entitled to a reduction in his sentence pursuant to Amendment 750.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 122 ) is denied.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2012, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4